## GROSSMAN & WEISSMAN *v.* UNITED STATES

**No. 4769.**—Invoices dated Shanghai, China, January 7, 1936, etc.
Certified January 9, 1936, etc.
Entered at New York February 28, 1936, etc.
Entry No. 807283, etc.

(Decided March 6, 1940)

*Lane & Wallace* for the plaintiffs.
*Webster J. Oliver,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

TILSON, Judge: Counsel for the respective parties have entered into and submitted the appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, upon the following stipulation:

That the issue involved in the above mentioned reappraisement appeals is the same in all material respects as the issue involved in the case of The United States v. Alfred Kohlberg, Inc., Customs Appeal No. 4245, decided January 4, 1940, C. A. D. 88.

That the market value or price at the time of exportation of the merchandise involved herein, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of China, for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States is the appraised value thereof, less the amount added under duress.

That the proper basis of appraisal of the merchandise herein is the export value.

That there was no higher foreign value for the merchandise herein at the time of exportation.

On the agreed facts I find and hold that the proper dutiable export values of the merchandise covered by said appeals are the values found by the appraiser, less any amount added under duress. Judgment will be rendered accordingly.